UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of the Complaint of<br><br>PAUL HOGUE, as owner of a certain 1990 22' HBI motor vessel bearing Registration Number CF0432UE and Hull Identification Number FL5566JN, and her engines, tackle, appurtenances, etc.<br><br>        Plaintiff-in-Limitation<br><br>For exoneration from, or limitation of, liability. | Case No.: 21-cv-1312-LL-KSC<br><br>**STIPULATED PROTECTIVE ORDER** |
| AXEL MARQUEZ CORNEJO<br><br>        Claimant<br><br>        v.<br><br>PAUL HOGUE as owner of a certain 1990 22' HBI motor vessel bearing Registration Number CF0432UE and and Hull Identification Number FL5566JN,<br><br>        Respondent / Defendant | |

and

RYAN S. HOGUE

       Third Party Defendant.

The parties have presented a joint motion (ECF No. 31) which identifies various materials that are, or may be, discoverable under the standard provided by Fed. R. Civ. P. 26(b)(1), including medical records of claimant Axel Marquez Cornejo. Since these records contain private medical information, it is appropriate for the Court to enter this Protective Order to govern the dissemination of documents produced by the parties in this proceeding.

1. This Order applies to documents to be produced by the parties in this action which are subject to privacy concerns. Notwithstanding this Order, the parties may object to disclosure of documents as they deem appropriate, subject to resolution by the Court if the parties cannot themselves resolve such objections. The parties are to follow Chamber Rules regarding discovery disputes if they seek Court intervention.

2. A document will be protected under this Order when the parties identify it as subject to this Protective by marking the document "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and providing all parties with copies of the marked documents.

3. The documents protected under this Order shall not be used for any purpose other than preparation and trial of this case, or in connection with settlement proceedings. The documents protected hereunder may be disclosed to the following persons only:

    a. The parties, including their counsel of record and the staff of their counsel of record;

    b. Bona fide employees of the signatories, while assisting in accomplishment of the foregoing purposes, with disclosure only to the extent necessary to enable them to perform same;

///

    c.    The experts, investigators or consultants or others retained by the parties, while assisting in the accomplishment of the aforementioned purposes, with disclosure only to the extent necessary to enable them to perform same;

    d.    Any person who gives or will provide testimony in the action, during deposition or trial or preparation for the same; however, the materials may not be thereafter retained by any such person;

    e.    The Court, the staff of the Court, and any jury empaneled in this action;

    f.    All attorney service providers assisting in accomplishment of the foregoing purposes on behalf of any party, with disclosure only to the extent necessary to enable them to perform same.

4.    While a party may disclose materials protected by this Order to any person in the above-specified categories, for any recipient in categories (c) and (d) above, a party shall advise such person as to the contents, force, and effect of this Protective Order. Furthermore, for any recipient in categories (c) and (d), the disclosing party shall obtain and maintain such person's signature on a copy of this Protective Order, signifying that person's commitment to abide by the provisions hereof and submission to this Court's jurisdiction.

5.    The parties shall not otherwise disclose the materials protected by this Order without first obtaining from the Court an Order, upon appropriate motion, permitting such further disclosure.

6.    If any party files with the Court the materials as an exhibit, that signatory must obtain permission to do so from counsel for the opposing party. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and

///

Procedures, Section II.j, and the chambers rules, with respect to filing documents under seal.

7. Within sixty (60) days after the conclusion of this litigation, including all appeals from any decision of the district court, all materials subject to this Protective Order shall be returned to the party that originally produced the materials.

8. The Court may modify the protective order in the interests of justice or for public policy reasons.

**IT IS SO ORDERED.**

Dated: February 4, 2022

Hon. Karen S. Crawford
United States Magistrate Judge